UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSHUA McCARTY and <br> CHERISE McCARTY, <br><br> Plaintiffs, <br><br> v. <br><br> LANDIS EXPRESS, INC. and <br> RANDOLPH FANUEIL, <br><br> Defendants. | CASE NO. 1:10-cv-00340-DML-LJM |

## Order on Defendant Fanueil's Motion to Dismiss and Motion to Strike and on Plaintiffs' Motion for Time to Serve Defendant Fanueil

This matter is before the court on several related motions. Defendant Randolph Fanueil has moved the court to dismiss the claims against him with prejudice on the ground that he has never been served with process (Dkt. 44), and has moved the court to strike the plaintiffs' response to that motion. (Dkt. 52). Plaintiffs Joshua McCarty and Cherise McCarty have moved the court for additional time to serve Mr. Fanueil as permitted by Fed. R. Civ. P. 4(m). (Dkt. 51).

This is a personal injury case. The plaintiffs allege that they and their son were injured when the car in which they were riding collided with a semi-truck driven by defendant Fanueil in the course and scope of his employment with defendant Landis Express, Inc. The plaintiffs contend that the accident, which occurred in Marion County, Indiana, was caused by Mr. Fanueil's negligence, and they seek damages against him and against Landis Express as his employer. According to the plaintiffs (and not disputed by Mr. Fanueil), the accident report listed his address as 124 Furman Street, Syracuse, New York. That is the address that the plaintiffs used to serve the complaint and summons.

### Fanueil's Motion to Strike

The court addresses first Mr. Fanueil's motion to strike the plaintiffs' response to his motion to dismiss. The motion to strike argues that the plaintiffs' response "scandalously" implies that Mr. Fanueil has unlawfully evaded service of process by giving a false address at the accident scene which was then recorded in the accident report. Mr. Fanueil seeks to strike the plaintiffs' entire response brief on this basis. The court finds no basis for striking the brief. In their response brief, the plaintiffs report that the only address they had for Mr. Fanueil was that listed on the accident report, which was recorded from Mr. Fanueil's commercial driver's license at the accident scene. The plaintiffs also advise that they have since learned that Mr. Fanueil has not lived at that address since 2005 or 2006. Through interrogatories, the plaintiffs asked Landis Express to give them information about Mr. Fanueil's current or past addresses, and Landis objected on the ground that the questions are "more properly directed to Mr. Fanueil," further responding that Landis does not know Mr. Fanueil's *current* address.[1] The court finds nothing scandalous or impertinent about the plaintiffs' response brief—indeed, both sides agree that Mr. Fanueil's driver's license had an incorrect address and that that address was listed on the accident report. Moreover, the court's resolution of Mr. Fanueil's motion to dismiss and the plaintiffs' motion for time to serve process do not turn on whether Mr. Fanueil knowingly provided a false address at the accident scene.

Mr. Fanueil's motion to strike the plaintiffs' response brief overreaches.[2] It is DENIED.

---

[1] The court is troubled that Landis Express, which had hired Mr. Fanueil (though apparently for only one delivery) and is represented by the same counsel, has refused to provide any information regarding Mr. Fanueil's past addresses and told the plaintiffs to ask Mr. Fanueil instead (the very person that counsel represents he has no idea how to contact).

[2] The court disapproves of Mr. Fanueil's use of a motion to strike in this circumstance. A reasoned reply brief in support of the motion to dismiss is the proper vehicle for responding to

## The Plaintiffs' Motion for Time to Serve Mr. Fanueil

Rule 4(m) states that if a defendant is not served within 120 days after the complaint is filed, then the court must dismiss the complaint without prejudice *or* order service to be made within a specified time. The court is required to allow more time for service when the plaintiff shows good cause for failing to serve the defendant within the initial 120-day period.

The court exercises its discretion to permit the plaintiffs additional time to effect service on Mr. Fanueil and grants them until August 19, 2011, as they have requested. *See Panaras v. Liquid Carbonic Industries Corp.,* 94 F.3d 338, 340 (7th Cir. 1996) (when the plaintiff shows good cause for failing timely to perfect service, the court must extend the time for an appropriate period and even without good cause shown, a district court has discretion to enlarge the 120-day period for perfecting service).[3]

The primary reason for the court's decision is that Mr. Fanueil, through his counsel, has consistently led the plaintiffs and this court to assume that he had been properly served. The plaintiffs filed their suit in Marion Superior Court. On March 22, 2010, attorneys appeared on behalf of both Mr. Fanueil and defendant Landis Express and filed a Notice of Removal, removing the state court action to this court. The Notice of Removal states: "Landis Express, Inc. *and* Randolph Fanueil were served with the Complaint on February 23, 2010 by certified mail. A true and accurate copy of the summons served on Landis Express *and* Randolph Fanueil are attached hereto…." (Dkt. 1 at ¶ 2, emphasis added). Not surprisingly, as the plaintiffs state,

---

the plaintiffs' arguments—not an unsupported assertion that the plaintiffs' arguments are "scandalous."

[3]   The court expresses no opinion whether the plaintiffs' planned service via the Indiana Secretary of State will be sufficient service.

"[a]t that point forward, Plaintiffs believed that Defendant Randolph Fanueil had been properly served." (Dkt. 50 at p. 2).[4]

Mr. Fanueil's motion to dismiss reveals for the first time that his counsel has no idea where Mr. Fanueil can be located and, indeed, *has never once spoken to him*. The court wonders how under these circumstances counsel was able to file an answer on Mr. Fanueil's behalf, or to file the myriad of other documents on Mr. Fanueil's behalf throughout the 16-month history of the litigation in this court. Or to remove this case to federal court in the first place, which required the consent of Mr. Fanueil. *See, e.g., Midlock v. Apple Vacations West, Inc.*, 406 F.3d 453, 455 (7th Cir. 2005).

Moreover, the defendants' answer—filed on behalf of both Landis Express and Mr. Fanueil—did not alert the plaintiffs that Mr. Fanueil had not been served. Rather, that answer takes a shotgun approach to the affirmative defenses. Though the answer includes a service of process defense, it is among a laundry list of defenses irrelevant to this action.[5] Because the defendants' pleadings are not case-specific but are the product of cutting and pasting boilerplate, this court is unwilling to conclude that their answer should have put the plaintiffs on notice that Mr. Fanueil had not been served and that either Mr. Fanueil or Landis Express was reneging on the earlier representation (in the Notice of Removal) that each had been properly served. This is

---

[4] The defendants' removal papers were required to contain copies of all "process, pleadings, and orders served" upon them. 28 U.S.C. § 1446(a). Given the defendants' representations that they had been served, the court does not fault the plaintiffs for not checking the Marion County court's records regarding service, particularly after the case had been removed.

[5] For example, the Fourteenth Defense of the joint answer filed by Landis Express and Mr. Fanueil states: "The Court lacks personal jurisdiction over the defendants, plaintiff has failed to effect sufficient process and service of process on the defendants, has failed to join a party needed for just adjudication under Rule 19 and has otherwise failed to name the real party in interest, and said cause of action should be dismissed pursuant to Rules 12(B)(2), 12(B)(3), 12(B)(4), 12(B)(5), 12(B)(7) and 17 of the Federal Rules of Civil Procedure." (Dkt. 14 at p. 12). This defense speaks so generically that it leaves the reader wondering whether it has any actual application to this case.

especially so in light of Mr. Fanueil's continuing to seek relief from the court after the answer was filed and without affirmatively alerting the court that it may lack jurisdiction over Mr. Fanueil because he had not been served. *Cf. United States v. Ligas,* 549 F.3d 497, 501 (7th Cir. 2008) (defendant who raises insufficiency of service of process defense in answer "can nevertheless waive the defense by his subsequent conduct").

Because the court finds it appropriate to permit the plaintiffs the additional time they requested to perfect service of process on Mr. Fanueil, his motion to dismiss the complaint for lack of service is MOOT. It is therefore DENIED.

## **Conclusion**

The court DENIES Mr. Fanueil's motion (Dkt. 52) to strike. The court DENIES Mr. Fanueil's motion (Dkt. 44) to dismiss. The court GRANTS the plaintiffs' motion (Dkt. 51) to extend the time to August 19, 2011, to serve Mr. Fanueil. The plaintiffs shall file with the court their proof of service of process.

So ORDERED.

Date: 07/21/2011

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

Bruce P. Clark
BRUCE P. CLARK & ASSOCIATES
bpc@bpc-law.com

Jennifer E. Davis
BRUCE P. CLARK & ASSOCIATES
jed@bpc-law.com

Douglas K. Fivecoat
LADENDORF & LADENDORF
doug@ladendorf.com

Mark C. Ladendorf
LADENDORF & LADENDORF
mark@ladendorf.com