UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSHUA McCARTY and CHERISE McCARTY, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CASE NO. 1:10-cv-00340-DML-LJM ) |
| LANDIS EXPRESS, INC. and RANDOLPH FANUIEL, | ) ) ) |
| Defendants. | ) ) |

## Order on Plaintiff's Motion to Serve Defendant Fanuiel by Publication

This matter is before the court on the plaintiffs' motion to serve defendant Randolph Fanuiel by publication. (Dkt. 63). Fed. R. Civ. P. 4(e)(1) permits service of a summons and complaint in a manner allowed under state law for the state in which the district court is located or service is made. In turn, Indiana Rule of Trial Procedure 4.13 permits, in some circumstances, service to be made by publication. It requires the party to ask the court to allow service by publication and the request must be supported by affidavit that "diligent search has been made that the defendant cannot be found, has concealed his whereabouts, or has left the state. . . ." In addition, service by publication must satisfy the requirements of due process. *See In re Adoption of L.D.,* 938 N.E.2d 666, 669 (Ind. 2010) (citing *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 317 (1950)) ("the Due Process Clause demands a diligent search before attempting notice by publication").

### Background

This case arises out of a vehicular accident on a highway in Indianapolis. The plaintiffs allege that they and their son were injured when their car was struck by a semi-truck driven by

defendant Fanuiel in the course and scope of his employment with defendant Landis Express, Inc. The plaintiffs contend that the accident was caused by Mr. Fanuiel's negligence, and they seek damages against him and against Landis Express as his employer.

## The Plaintiffs Have Not Been Sufficiently Diligent In Locating Mr. Fanuiel

The accident report listed Mr. Fanuiel's address as 124 Furman Street, Syracuse, New York, the same address shown on his commercial driver's license issued by the State of New York. The plaintiffs used that address to serve the complaint and summons; however, Mr. Fanuiel apparently had not lived there for several years and service was not effected. The plaintiffs also contend that Mr. Fanuiel has not since updated his address on New York's license records.[1] Prior briefing by the parties reveals that neither the plaintiffs nor defendant Landis Express nor Mr. Fanuiel's counsel has ever communicated with Mr. Fanuiel regarding this lawsuit.[2]

Within the past one or two months, the plaintiffs have tried to locate Mr. Fanuiel at an address other than 124 Furman Street, which they know to be an incorrect address. The plaintiffs' counsel states that he conducted internet searches and hired someone (who he hired is not revealed) to conduct internet searches, and those searches revealed (a) Mr. Fanuiel (or at

---

[1] The plaintiffs suggest that by not updating his address on New York's license record, Mr. Fanuiel may be purposefully concealing his whereabouts. (Dkt. 67 at p. 4). The court is not willing to draw that inference. The court has not been provided with irrefutable evidence that Mr. Fanuiel did not live at the Furman street address when the accident occurred, and the court has not been provided with evidence that Mr. Fanuiel even still holds a commercial driver's license or other license from New York which he was bound to update. Further, the fact that Mr. Fanuiel maintains a Facebook page suggests he is not trying to purposefully conceal his whereabouts. And even if he were, that would not relieve the plaintiffs of their obligation to diligently search for him; it might change the likelihood of success in finding him.

[2] The plaintiffs suggest that if Mr. Fanuiel's counsel cannot locate Mr. Fanuiel, then he can hardly complain that the plaintiffs have not been diligent. Mr. Fanuiel's due process right to be notified by the plaintiffs of this lawsuit is not dependent on, or necessarily gauged by, the efforts his counsel has made or not made to find him.

least a man that looks like the Mr. Fanuiel on his driver's license) has a Facebook page; (b) a news story that Mr. Fanuiel was arrested in 2009 and at that time still lived (or was reported to still live) at 124 Furman Street; (c) a court record that Mr. Fanuiel was sued in a landlord-tenant matter in July 2011; and (d) a probable address at 1901 East Fayette Street, Apartment D, Syracuse, New York, which is located within the apartment complex referenced in the landlord-tenant suit. The plaintiffs' counsel followed up on this information by attempting service on Mr. Fanuiel at the Fayette Street address (by what method the plaintiffs do not say), which was not successful, and by contacting by email the lawyer for the landlord in the New York lawsuit. The lawyer apparently never responded to the email, and the plaintiffs' counsel made no further effort to follow-up on the email. (The email, in the court's reading, does not suggest a high level of urgency to the plaintiffs' request for information for contacting Mr. Fanuiel.)

The court finds that, at this juncture, the plaintiffs have not done enough to search for Mr. Fanuiel. They have not made a single phone call and have done nothing to contact Mr. Fanuiel through his Facebook page.[3] They have not attempted to contact relatives or neighbors or former employers (other than Landis Express, which has represented it does not know where he is). In essence, they found one possible new address, tried it, and gave up. The plaintiffs have not stated how they tried the new address (whether by a certified mailing, regular mailing, or personal delivery by a process server) or how they know it is no longer a good address.

Due process requires a level of effort consistent with that a person would use who actually wants to contact the defendant. *Mullane,* 339 U.S. at 315 ("[P]rocess which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it."). The court conducted its own

---

[3]   The court emphasizes that this order refers only to forthright, non-deceptive communications with Mr. Fanuiel through Facebook.

simple search of the internet and quickly found using a Yahoo people search yet another address and phone number for a Randolph Fanuiel in Syracuse, New York that the plaintiffs apparently have yet to try. The court also found the name and city location of a woman identified as Mr. Fanuiel's mother and a person identified as a CPA that may have some connection to Mr. Fanuiel or his mother. The court is also aware that wide-ranging records searches (such as an Accurint search) are available for a fee, and those searches can be very helpful in locating a person and those close to him.

## Conclusion

For the foregoing reasons, the court DENIES the plaintiffs' motion for service by publication, but WITHOUT PREJUDICE. The plaintiffs shall have until September 14, 2011, to try to locate Mr. Fanuiel and effect service on him and, failing those efforts, to renew their motion for service by publication. To meet this deadline, the plaintiffs must devote significant efforts to find Mr. Fanuiel. Any renewed motion must set forth with specificity all efforts undertaken by the plaintiffs to locate Mr. Fanuiel and all efforts to effect service.

So ORDERED.

Date: 08/19/2011

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

Bruce P. Clark
BRUCE P. CLARK & ASSOCIATES
bpc@bpc-law.com

Douglas K. Fivecoat
LADENDORF & LADENDORF
doug@ladendorf.com

Jennifer E. Davis
BRUCE P. CLARK & ASSOCIATES
jed@bpc-law.com

Mark C. Ladendorf
LADENDORF & LADENDORF
mark@ladendorf.com