UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSHUA McCARTY and ) | |
| CHERISE McCARTY, *individually*, ) | |
| *and as the natural parents and on behalf of* ) | |
| JOSHUA McCARTY, JR., ) | |
| ) | |
| Plaintiffs, ) | CASE NO. 1:10-cv-00340-DML-LJM |
| ) | |
| v. ) | |
| ) | |
| LANDIS EXPRESS, INC. and ) | |
| RANDOLPH FANUIEL, ) | |
| ) | |
| Defendants. ) | |

## Order Granting Plaintiffs' Motion to Compel

The plaintiffs have moved the court for an order compelling defendant Randolph Fanuiel to respond fully to the interrogatories and requests for admissions served on him, through his counsel, on March 31, 2011. (Dkt. 82).

By a prior order and at the plaintiffs' request, the court granted the plaintiffs permission to perfect service of the summons and complaint on Mr. Fanueil by publication, finding that the plaintiffs had satisfied their obligations to make a diligent search for Mr. Fanueil before resorting to service by publication. (*See* Dkt. 72.) The plaintiffs, however, apparently decided not to go forward with service by publication and intend to rely on their subsequent service of the summons and complaint at Mr. Fanueil's apartment on September 9, 2011 (as described at Dkt. 71). The plaintiffs' efforts to find Mr. Fanueil and perfect service was addressed in still earlier orders (Dkt. 56, 68), in which the court commented that even though defense counsel continues to appear for Mr. Fanueil in this case, file motions on his behalf, and otherwise purport to act on his behalf, Mr. Fanueil's counsel has never actually communicated with him.

That is apparently still the case. Mr. Fanueil—through his counsel—opposes the plaintiffs' motion to compel on the grounds that Mr. Fanueil's counsel has answered the interrogatories and requests for admission based on all of the information that *counsel* now has, and despite his counsel's substantial efforts to find and contact Mr. Fanueil, counsel has not been able to locate or communicate with him. (*See* Dkt. 83). Counsel asserts, without factual or legal argument, that Mr. Fanueil "should not have been deemed served with process in the first instance" and his "constitutional rights are being violated at every step of this litigation." (*Id.,* ¶ 17). Mr. Fanueil has provided the court with no basis why the plaintiffs' service of the complaint and summons at Mr. Fanueil's apartment on September 9, 2011, was not effective for the court to acquire personal jurisdiction over him, nor has it addressed it by motion.[1]

Mr. Fanueil, through counsel, also complains that the plaintiffs filed their motion to compel without meaningfully attempting to resolve the discovery dispute informally. The court rejects that argument, and DENIES Mr. Fanueil's motion to strike (Dkt. 83), because the grounds on which he opposes the discovery are not substantive ones susceptible to compromise, but rather are based on the absence of any communication between counsel and Mr. Fanueil to permit counsel to provide additional information.

As a party to this case, Mr. Fanueil has obligations under the discovery rules to answer interrogatories and requests for admissions based on the information *he* has and knows, and not just based on his counsel's separate investigation. Counsel's inability to communicate with Mr. Fanueil does not excuse Mr. Fanueil from complying with his obligations.

---

[1] Defense counsel did earlier file a motion to dismiss, which the court denied as moot in light of its granting the plaintiffs additional time to effect service. According to the plaintiffs' filing at Dkt. 70, they subsequently served Mr. Fanueil at his current residence on September 9, 2011. Defense counsel have never challenged that service by motion, and as noted above, have made no substantive argument that this recent service was insufficient. They have instead made only conclusory assertions in response to the motion to compel.

In its earlier order addressing service of process issues (Dkt. 56 at 4), this court expressed concern about how counsel can purport to represent Mr. Fanueil:

> Mr. Fanueil's motion to dismiss reveals for the first time that his counsel has no idea where Mr. Fanueil can be located and, indeed, *has never once spoken to him*. The court wonders how under these circumstances counsel was able to file an answer on Mr. Fanueil's behalf, or to file the myriad of other documents on Mr. Fanueil's behalf throughout the 16-month history of the litigation in this court. Or to remove this case to federal court in the first place, which required the consent of Mr. Fanueil. *See, e.g., Midlock v. Apple Vacations West, Inc*., 406 F.3d 453, 455 (7th Cir. 2005).

The current discovery motion has heightened this concern. Counsel must determine whether they can, consistent with their professional obligations in general and Rule of Professional Conduct 1.4 in particular, continue to say they represent Mr. Fanueil.

The objections defense counsel asserted to the plaintiffs' written discovery requests are indefensible, and indeed, counsel has not attempted to defend them. Those objections are overruled, and the motion to compel is GRANTED. Mr. Fanueil must serve his supplemental responses to the discovery within 14 days of the date of this order, responding fully and completely to the plaintiffs' interrogatories, under oath, and requests for admissions, based on all information *he* has and knows.

## Conclusion

For the foregoing reasons, the plaintiffs' motion to compel (Dkt. 82) is GRANTED as set forth in this order. The motion to strike (Dkt. 83) is DENIED.

So ORDERED.

Date:  11/30/2011

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

Bruce P. Clark
BRUCE P. CLARK & ASSOCIATES
bpc@bpc-law.com

Jennifer E. Davis
BRUCE P. CLARK & ASSOCIATES
jed@bpc-law.com

Mark C. Ladendorf
LADENDORF & LADENDORF
mark@ladendorf.com